947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher MITCHELL, a/k/a Hassan Jones, Defendant-Appellant.
 No. 90-5097.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 23, 1991.
Decided Oct. 28, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-90-20-2)
 Darrell M. Allen, Pierson, Kaufman & Stowers, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, Jacquelyn I. Custer, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Christopher Mitchell was convicted of conspiracy to distribute crack cocaine (21 U.S.C. § 846). He appeals his conviction and the sentence imposed. We affirm.
 
 
 2
 Mitchell and a number of others were arrested in a motel room in Charleston, West Virginia, which they were using as a base of operations for selling crack. Steven Johnson, one of Mitchell's codefendants, pled guilty pursuant to a plea agreement; the other codefendant, Willie Williams, was freed on bond pending trial. Williams appeared on the first day of trial and was present for jury selection. He did not appear on the second day and was tried in absentia. Johnson testified that he had previously sold crack in Maryland for both Mitchell and Williams, and that Williams had brought him to Charleston to sell crack.
 
 
 3
 Johnson also testified, over defense objection, that while he and Mitchell were confined before trial in the county jail, he overheard a telephone conversation between Mitchell and Williams in which Mitchell told Williams not to come back for trial. On appeal, Mitchell contends that this evidence should have been excluded either because (1) Johnson, having entered into a plea agreement which required his cooperation with the government, was acting as a government agent when he overheard the phone call, and Mitchell's statement was thus elicited out of the presence of counsel in violation of the Sixth Amendment, or (2) the statement was more prejudicial than probative, given that Williams did appear on the first day of trial. There was no evidence that Johnson was acting as a government agent or that he did anything to elicit the statement, which was made in a common area of the jail. Johnson testified that he was in the area because Mitchell had called him to the phone to speak with Williams and that he did so when Mitchell had finished his conversation. Because Williams was not in fact present for the trial, after jury selection, the testimony was relevant and its admission was not an abuse of discretion.
 
 
 4
 Mitchell maintains that cross-examination of Johnson's criminal record was improperly limited in that he was permitted to bring out only Johnson's one prior conviction but not his several arrests on drug charges which had not yet come to trial. This limitation complied with Fed.R.Evid. 609.
 
 
 5
 Included in the computation of Mitchell's offense level were amounts of crack he had previously sold to Billy Dyess, who was arrested on separate drug charges after Mitchell's arrest. Dyess pled guilty to the charge against him and, in the course of his debriefings, related that he had bought crack from Mitchell on a regular basis for over a year. Dyess testified at the sentencing hearing. Mitchell argues that the amounts Dyess said he bought were not shown by a preponderance of the evidence and that consideration of the information Dyess provided violated due process because it was unreliable and because Dyess was testifying pursuant to a plea agreement. However, Dyess was subjected to extensive cross-examination and was further examined by the district court. The fact that he had entered into a plea agreement was known to the court. The district court's finding that the amounts Dyess said he had bought from Mitchell were relevant conduct is not clearly erroneous. United States v. McNatt, 931 F.2d 251, 258 (4th Cir.1991); see also William W. Wilkins, Jr., & John R. Steer, Relevant Conduct: The Cornerstone of the Federal Sentencing Guidelines, 41 S.C.L.Rev. 495, 515-16 (1990).
 
 
 6
 Mitchell attempted to escape while awaiting trial. His base offense level was increased by two levels for obstruction of justice because of the attempted escape, and he was also separately indicted for escape and later pled guilty. He contends that, because of the escape conviction, the adjustment violated the prohibition against double jeopardy. He further contends that in calculating his criminal history two points were erroneously assigned under U.S.S.G. § 4A1.1(b) for a prior sentence of three years probation and six months work release. We consider these arguments together because, whatever the merits of Mitchell's claims, neither the two-level increase for obstruction of justice nor the additional criminal history point, considered individually or together, affected Mitchell's sentence. Even without them, Mitchell's guideline range would remain 360 months to life, and the sentence he received was 360 months, the lowest point of the guideline range. We can find no error in this sentence.
 
 
 7
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.